IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAH BURMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-06-463-L |
| v. | ) |
| | ) |
| JOSEPH SCIBANA, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that his incarceration is unlawful. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be DISMISSED without prejudice for lack of jurisdiction.

Petitioner asserts in his one-page Petition that his "Liberty is under unlawful restraint, because he's being told when to eat, when to go to sleep, when to take a shower, — when to wash his clothes, when to use the phone, and he's unable to go home to help his 71 year old

---

[1]Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

mother out, and he can't go to see his sisters and brothers, and nor [sic] is he able to visit his son [and he is] being held behind bob wired [sic] and razored fence, by private employees that is [sic] armed." Petition, at 1. Other than describing the generally-recognized conditions of confinement in any correctional facility, Petitioner does not assert with any specificity the basis for his Petition. Petitioner has attached to the Petition an affidavit that is not any more enlightening concerning the foundation upon which he is seeking federal habeas relief. In his cryptically-worded affidavit, Petitioner states that his "life and liberty is in great danger while being held in custody, and hereby demands that this Honorable Court release him from custody, until such further hearing can be held." He names certain individuals, including Benson Everett Legg and Christopher John Romano, as being "the holder to the key ... who are in control of the organization and its enterprise" and states that "an attempt at his life to oust him has been made by the enterprise, last week."

Petitioner is serving a sentence for his convictions for possessing cocaine with intent to distribute and conspiring to distribute cocaine entered in the United States District Court for the District of Maryland. His convictions were affirmed in an appeal to the United States Court of Appeals for the Fourth Circuit, United States v. Burman, No. 03-4555, 151 Fed. Appx. 260, 2005 WL 2646897 (4th Cir. Oct. 17, 2005)(unpublished op.)(*per curiam*), cert. denied, ___ U.S. ___, 126 S.Ct. 1412 (2006). However, the Fourth Circuit Court of Appeals remanded the criminal case for resentencing after finding an error occurred with respect to the sentence. Id. The docket sheet in his criminal case in the Maryland federal district court, United States v. Walker, et al., CR-01-115-L, reflects that his resentencing has been

scheduled by United States District Judge Benson Everett Legg. <https://ecf.mdd.uscourts.gov/cgi-bin/DktRpt.pl?632597928773685-L_923_0-1>.

One of the individuals described in the Petition is the federal district judge presiding over his criminal case. Another of the individuals described in the Petition is an assistant united states attorney employed in the same district. See United States v. Burman, supra (identifying Mr. Romano as the prosecutor arguing the appeal). Considering this information, Petitioner's vague assertions in his Petition and attached affidavit are construed to assert an attack upon the validity of his convictions entered in the Maryland federal district court and/or the sentences for those convictions. The habeas corpus petition under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The § 2241 petition does not, however, encompass claims of unlawful detention based on the conviction or sentence of a federal prisoner. For collateral attacks on the validity of a federal judgement of conviction or sentence, Congress enacted the 28 U.S.C. § 2255 motion to vacate, which must be brought in the court in which the conviction or sentence was entered. United States v. Hayman, 342 U.S. 205, 216 (1952); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). In Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), the Tenth Circuit Court of Appeals explained the difference between the two statutory provisions. As the appellate court explained, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Id. at 166 (citations omitted). By contrast, the § 2241 petition "attacks the execution of a sentence rather than its validity....It

3

is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw, 86 F.3d at 166.

The 28 U.S.C. § 2255 motion to vacate is the sole remedy for a federal prisoner to challenge the validity of his or her federal criminal conviction or sentence unless the § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255; see Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)("The exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the § 2255 remedy has been found to be inadequate or ineffective in only "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

Petitioner's exclusive remedy for bringing his challenge to his convictions is a motion to vacate under 28 U.S.C. § 2255 and Petitioner has not shown that the § 2255 remedy is inadequate or ineffective. Accordingly, the Petition should be dismissed without prejudice for lack of jurisdiction. See Gibson v. Fleming, No. 01-6198, 2001 WL 1573669 (10th Cir. Dec. 11, 2001)(unpublished op.)(court should have dismissed § 2241 habeas petition without prejudice for lack of jurisdiction where petition challenged federal conviction or sentence and petitioner did not show § 2255 remedy was inadequate or ineffective).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice for lack of

jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   May 31st  , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   11th   day of    May   , 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE